UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BUDGET CONSTRUCTION SERVICES LLC** | **CIVIL ACTION NO. 2:22-CV-01927** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **VICTORY EXTERIORS ROOFING & SHEET METAL LLC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a Joint Motion to Dismiss (Doc. #11-1), filed by the Defendants, Victory Exteriors Roofing & Sheet Metal, LLC ("Victory Roofing"), Victory Exteriors, LLC, ("Victory Exteriors"), Budget Construction and Roofing Inc. ("Budget Roofing"), and Tanner Lee Curry ("Curry"). Defendants move under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's fraud-based claims. Plaintiff Budget Constructions Services, LLC ("Budget"), filed an opposition (Doc. # 18) and, alternatively, for Leave to Amend Complaint (Doc. #18). Defendants did not reply.

### I. FACTUAL BACKGROUND

This diversity action was filed on June 29, 2022. It arises from the business relationship between Plaintiff and Defendants, who were engaged in post-disaster demolition, remediation, reconstruction, and/or renovation in Southwest Louisiana after Hurricane Laura struck the region on August 27, 2020, until around August 31, 2021. Doc. 1. For these services, Budget received checks made payable to Budget only as well

as checks made payable to the insured owner but then indorsed by the insured owner payable to Budget. Doc. 1.

Budget assigned Victory Roofing the task of collecting payments from individual property owners for whom services were provided and then to deposit those checks into Budget's checking account. Doc. 1. Budget alleges that instead of depositing these checks into Budget's account, Curry deposited the checks into accounts owned and controlled by Curry and the Defendant entities. Doc. 1. Budget further alleges that Curry thereafter withdrew the converted funds from the accounts over which he had control and used the funds for personal profit and gain and/or for use of the Defendant entities, to the exclusion of Budget. Doc. 1. Budget asserts numerous theories of recovery against Curry and the Defendant entities based on acts of fraud, conversion, misappropriation, breach of fiduciary duty, and rights subrogated under Louisiana Revised Statutes section 9:4856 Doc. 1.

Defendants have filed a Rule 12(b)(6) Joint Motion to Dismiss as to the fraud-based claims, arguing that the Complaint fails to plead fraud with the particularity required by Federal Rules of Civil Procedure 9(b). Doc. 11-1. Budget opposes the motion and asks, in the alternative, that the court grant it leave to amend the Complaint as to these claims.

## II. **LEGAL STANDARDS**

### A. Rule 12(b)(6)

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." This rule is read in conjunction with Rule 8(a), which sets forth the pleading standard, "a short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing such a motion, the court

should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Lastly, the Fifth Circuit has held that "[m]otions to dismiss are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). Therefore, before the court will deem dismissal proper, "[i]t must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (quoting *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995)).

### B. Rule 9(b)

Under Federal Rule of Civil Procedure Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

"[B]efore access to the discovery process is granted," Rule 9(b), "[a]t a minimum, requires [parties] to plead the who, what, where, when, and how of the alleged fraud." *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 689 (5th Cir. 2020) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (internal quotation marks omitted); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)). Moreover, a plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The particularity requirement, however, is relaxed when pleading scienter, *i.e.*, the actor's malice, intent, or knowledge. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Though scienter "may be averred generally, [plaintiffs] must set forth specific facts that support an inference of fraud." *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 689 (5th Cir. 2020) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (internal quotations omitted). Additionally, "[i]f the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). The Fifth Circuit, however, has stated that "this exception must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Rule 9(b)'s heightened pleading requirement "ensur[es] the complaint provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and

goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims then attempting to discover unknown wrongs." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994) (internal quotations omitted)).

Under Rule 9(b), a dismissal for failure to plead fraud with particularity is treated as a dismissal for failure to state a claim under Rule 12(b)(6). *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996). Nonetheless, a dismissal for failure to comply with Rule 9(b) is almost always with leave to amend. *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 971 (5th Cir.1981) (citing 2A Moore's Federal Practice, P 9.03). Doing so aligns with Rule 15(a), which instructs courts to "freely give leave when justice so requires" as Rule 15(a) "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).

### III. LAW AND ANALYSIS

The Complaint alleges that Defendants collectively concealed and perpetuated a scheme of misappropriation and conversion to defraud the Plaintiff of at least $595,857.00. The parties agree that Rule 9(b)'s heightened pleading standard controls Budget's fraud-based claims; however, they disagree as the level of factual specificity pleaded.

In the Louisiana Civil Code, fraud is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other" and "may also result from silence or inaction." La. C.C. art. 1953. Additionally, "[f]raud need only be proved by a

preponderance of the evidence and may be established by circumstantial evidence." La. C.C. art. 1957.

Here, the fraudulent activity that Budget adumbrates appears to be forgery—namely, that Curry, individually and through the instrumentalities of the Defendant companies, improperly endorsed checks made payable to Budget or endorsed to the order of Budget and deposited them into accounts that Curry controlled. Doc. 18. The Complaint states that Curry operated this scheme in a "clandestine and secretive manner." Doc. 1. The Complaint does not provide any facts that indicate the level of authority given by Budget to Curry, or the Defendant entities under his control, for the purpose of indorsing the checks that were to be deposited in Budget's checking accounts. The Defendants contend that the allegations lodged in the Complaint appear to "detail a business dispute among business partners." Doc 11-1. Ultimately, if Plaintiff is alleging that Defendants exceeded their authority with respect to the right to enforce checks by fraudulently negotiating the instruments for deposit to the exclusion of Budget, then more specific facts should be pleaded to meet the minimum requirements of Rule 9(b). Also, if Defendants misrepresented or lied about business operations to perpetuate the alleged fraudulent scheme, then those facts too should be pleaded.

In general, checks are common means of transferring funds between individuals, businesses, and business partners because of the close relationship to cash. Checks also can be used as a negotiable instrument to facilitate transfer of value and effect payments. Importantly however, only certain individuals can have the right to enforce or indorse a check making it negotiable for deposit. A negotiable instrument is "an unconditional

promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it . . . is payable to bearer or to order at the time it is issued or first comes into possession of a holder." La. R.S. § 10:3-104(a)(1) (2022). Thus, if the instrument is not payable to bearer and is payable to the order of an identified person or to an identified person or order, the instrument lacks the requirement of negotiability. *See Id*.

So, here, it is unclear how Defendants were tasked to negotiate and then deposit checks that were made payable to or indorsed to Budget into Budget's checking account. An instrument payable to the order of a specified person, however, can become a negotiable instrument through proper indorsement by the person entitled to enforce, who is either: (i) the holder of the instrument, [or] (ii) a nonholder in possession of the instrument who has the rights of a holder . . .." La. R.S. § 10:3-301 (2022). A holder of a negotiable instrument is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." La. R.S. § 10:1-201(21)(A) (2022). Accordingly, a person in possession, even wrongful possession, of an instrument made payable to bearer or a person in possession of an instrument made payable to the order of that same person are persons entitled to enforce the instrument. *See* La. R.S. § 10:3-301 (2022). A person entitled to enforce may properly indorse a check making it a negotiable instrument. A proper indorsement requires "a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring endorser's liability on the instrument." La. R.S. § 10:3-204(a)

Page 7 of 11

(2022). To negotiate an instrument means to "transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder." La. R.S. § 10:3-201 (2022). This is typically what happens in the case of a common personal check. The person holding the check, who is the payee, endorses the check on the back by proper signature, making the depository bank the holder. By contrast, if the person in possession of the check is neither the person the check is endorsed to nor the person the check is made payable to thereby endorses the check by signature without authority, the signature is unauthorized. *See* R.S. § 10:1-201(41) (2022). An unauthorized signature is "a signature made without actual, implied, or apparent authority." *Id*. An unauthorized signature "includes a forgery." *Id*. From the Complaint, it is unclear if Defendants had either actual, implied, or apparent authority to sign for Budget to indorse the checks for deposit into Budget's checking account.

In sum, there is a dearth of specific facts that would otherwise provide sufficient particularity to the alleged fraudulent scheme. The Fifth Circuit has held that "any facts relating to who perpetuated the alleged forgery or how, when, and where the alleged forgery was executed" must be pleaded else the allegations fall short of Rule 9(b)'s pleading requirements. *Kreway v. Countrywide Bank, FSB*, 647 F. App'x 437, 438 (5th Cir. 2016). In the Complaint, Budget generally claims that "[o]ne of the tasks provided by Victory was to collect payment from the individual property owners for whom services were provided and to deposit those checks into Budget's checking account." Doc. 1. Lacking, however, are particular facts regarding the authority to which Victory was delegated to properly indorse by signature onto the checks so the checks could be deposited

into Budget's checking account. Such facts would support the "who" and "how." It can be inferred that Curry, the only natural person defendant, was the individual allegedly signing the checks without Budget's authority and thus improperly indorsing the checks for deposit into Defendant's accounts. But more facts, specifying the type of authority, if any, Budget granted to each person among the Defendants, should be provided to determine whether the alleged indorsements contained unauthorized signatures and thus are forgeries. Regarding "when," the Plaintiff's Complaint and Memorandum in Opposition fail to recognize, possibly omit intentionally, the "when" from the circuit standard for pleading fraud under Rule 9(b). *See Colonial Oaks*, 972 F.3d, at 689. More troubling is the Plaintiff's failure to state any specific date whereby a specific check was fraudulently indorsed and presented for deposit to a bank. As to the "what" and "where," the Plaintiff's Complaint and Memorandum in Opposition are devoid of any specific banks that Defendants presented alleged checks with forged indorsements much less any accounts to which alleged "pirated funds" were deposited. Doc. 18.

      Defendants' Joint Motion to Dismiss contends that Plaintiff's fraud claims fall short of Rule 9(b)'s particularity requirement because the claims against Defendants fail to differentiate the alleged fraud claims against any of the individual Defendants from the claims against any other defendants. Furthermore, Defendants assert that the Complaint runs afoul of Rule 9(b) because of group pleading. Though the Fifth Circuit "has never adopted the 'group pleading' doctrine," it does "not construe allegations contained in the Complaint against the 'defendants' as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the

allegedly fraudulent statement is specifically pleaded." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.,* 365 F.3d 353, 364–65 (5th Cir. 2004). The "federal courts in this District and throughout Louisiana have consistently found fraud claims that are generic, conclusory, and fail to distinguish among the defendants to be not in compliance with Rule 9(b)'s strict pleading requirements." *Jacques v. Baker Hughes*, No. 1:21-CV-00315, 2021 WL 1271027, at *4 (W.D. La. Apr. 6, 2021); *see also Watson v. Arkoma Dev.*, LLC, CV 17-1331, 2018 WL 6274070, at *10 (W.D. La. Nov. 15, 2018) (dismissing claim for fraudulent concealment because the "[p]laintiffs have merely engaged in 'group pleading,' which is insufficient under Rule 9(b)"). In *Jacques v. Baker Hughes*, the court found the Plaintiff's petition lacking particularity because it failed to include "allegations distinguishing among each Defendant and their respective responsibility for the fraudulent activities." 2021 WL 1271027, at *4. Similarly, Plaintiff's Complaint alleges a general fraudulent scheme by all Defendants but fails to break down the fraudulent acts individually by date, person, check, and bank. Accordingly, the Defendants are correct insofar that Plaintiff's Complaint lacks the requisite particularity because it "generically asserts all defendants acted together" to defraud Budget "of at least $595,857.00." Docs. 1 and 11-1. Ultimately, the Court is persuaded that Budget has failed to plead its allegations of fraud with the required particularity demanded under Rule 9(b) and thus will dismiss without prejudice only those fraud-based claims.

In its Memorandum in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss, Budget alternatively requests leave to file an amended complaint in the event the Court finds that Budget has failed to state a claim for fraud. The Court finds it appropriate that

Budget be afforded the opportunity to amend its complaint to fix any deficiencies to pleading fraud under Rule 9(b). *See Summer v. Land & Leisure, Inc.,* 664 F.2d 965, 971 (5th Cir.1981). Therefore, Budget has within fourteen (14) days from this ruling to amend and restate its fraud-based allegations.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants the Defendants' Joint Rule 12(b)(6) Motion to Dismiss only to the claims of fraud. (Doc. 11-1). Further, the Court grants Plaintiff leave to amend its Complaint within 14 days to re-state its fraud-based claims in a manner consistent with Federal Rules of Civil Procedure 9(b).

**THUS DONE AND SIGNED** in Chambers this 11th day of October, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**